WeldoN, J.,
delivered the opinion of the court:
The facts of the case are briefly as follows: Between April 26 and June 15, 1901, inclusive, the claimant was a pay inspector in the Navy, having the rank of commander. He entered the service September 29, 1869, and was appointed paymaster July 16, 1886, and pay inspector December 23, 1899.
From April 26 to June 15, 1901, inclusive, he was absent from duty .on leave duty granted bjr proper authority.
*200 Between said dates be was paid at the rate of $1,700 a year, being one-half of the shore pay of a commander after twentjr years’ service.
The claimant applied for pay at the rate of $2,600 a year from April 26 to May 31,1901. Payment was refused on the ground that the plaintiff was not entitled to leave on waiting-orders pay.
The contention in this case first involves the consideration of section 1265 of the Revised Statutes, which is as follows:
“Officers when absent on account of sickness or wounds, or lawfully absent from duty and waiting orders, shall receive full pay; when absent with leave for other causes, full pay during such absence not exceeding in the aggregate thirty daji-s in one year, and half-pay during such absence exceeding ■ thirty days in one year.”
And also the act of June 7, 1900 (31 Stat. L., 697), which is as follows:
“Section 13 of the act approved March 3, 1899, entitled ‘An act to reorganize and increase the efficiency of the personnel of the Navy and Marine Corps of the United States,’ is hereby so amended as to provide that nothing therein contained shall operate to reduce the pay which, but (for the passage of said act, would have been received by any commissioned officer at the time of its passage or thereafter.”
The last act, as will be seen, is amendatory of the thirteenth section of the act of March 3, 1899 (30 Stat. L., 1007), which is as follows:
“That after June 30,1899, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army.”
It is insisted that the effect of the act of June 7,1900 (supra), was to restore the old navy pay which an officer would be entitled to receive during any period if in excess of army pay provided by the act of 1899. The navy pay provided by the Revised Statutes, section 1556, is as follows: “At sea, $1,100; on shore, $3,200; on leave, $2,600.” It is also contended that when an officer goes to sea at the present time he receives the old navy pay, because it is higher than the army pay; when *201 on shore he receives the. army pay, because it is higher than the old navy pay, and continues to receive this until by the operations of section 1265, Revised Statutes, an army officer in like circumstances would have been placed on half pay; but at this point it is insisted that an officer in the Navy is protected from reduction to half pay by the provision of the act of June 7, 1900 (supra).
As against this contention it is insisted, upon the authority of the decision of the Comptroller- in the case of Commander Delehanty (6 Comp. Dec., 507), that but two rates of pay are now provided by law, based upon the status of officers with reference to service, one for officers on sea duty, the other for officers on shore duty; and since the claimant can not be on sea duty while absent on leave, he comes within the class of officers designated as on shore duty.
Upon this theory of the law the claimant was paid at the rate of $1,70.0 during his leave of absence' instead of the old navy rate of $2,600 per annum, and the question for the court to determine is, as to which rate of pay he is entitled to receive.
What is called the personnel act was passed on the 3d of March, 1899, and the act upon which the claimant founds his right to recover the difference between the rate at which he was paid — $1,700—and the rate at which he should have been paid on the 7th of Juno, 1900, more than fifteen months after' the passage of the act to which it is an amendment.
The law of 1899, had been in operation during that time, and from its effect Congress determined that a change should be made in the preceding statute, and to affect that change an amendment was made to section 13, in which it is in substance prqvided that nothing contained in the act of 1899 shall operate to reduce the pay which but for the passage of said act would have been received by any commissioned officer at the time of its passage or thereafter. The pay of such officers as the claimant on the 3d of March, 1899, was at the rate of $2,600 when on leave. The object of the amendment was to preserve intact the right of the officers in the Navy so far as not to reduce the pay which they were then receiving, or thereafter, although by the same statute the pay was raised when it became necessary to do so in order to conform to the pay of an officer of the same rank in the Army.
*202 The distinction of raising the pay when necessary to conform to the pay of like rank in the Army and. to adhere to the old pay when it is necessary to preserve the pay of an officer from being reduced, has been recognized in this case; but the disallowance of old pay is placed on the ground that there are but two kinds of pajr recognized by the act of 1899, that of sea pay and that of shore pay, and that the claimant not being on sea duty must be construed to be on shore duty, and, therefore, only entitled to receive one-half of shore pay.
As a matter of fact, the claimant was not on duty of any kind, either sea or shore, but in a state of suspended activity, performing no duty and having no cares of office. The very object of a leave is that the officer shall be free from the responsibility of duty.
The object of the act of 1899 was to equalize, as far as practicable, the pay of the Army and Navjr by making like rank in each department equal, but not to reduce, and the act of June 7, 1900, engrafted on that policy the qualification that the pay of a naval officer should not be reduced then or thereafter, and that he should receive the pay he would have received “but for the passage of said act.”
But for the act of 1899, there would be no question as to the basis of claimant’s compensation, and if we apply the language of the amendatory act of 1900, to the subject-matter of this claim, his measure of- compenstation is under the statute antecedent to the act-of 1899; the claimant is therefore entitled to recover the difference between a compensation at the rate of $1,700 per annum and $2,600, which amounts to the sum of $125, and for that sum a judgment is rendered.