Howry, J.,
delivered the opinion of the court:
Plaintiff is a rear-admiral, embraced in the nine lower numbers of that'grade, in the Navy. During the time set forth in the findings he has been continuously employed on shore duty and paid at the rate of $4,675 a year, which is the pay of a brigadier-general in the Army, fixed by statute (sec. 1261, Rev. Stat.) and made applicable to rear-admirals embraced in the nine lower numbers of that grade by section 7 of the act of March 3, 1899 (30 Stat. L., 1005), less 15 per cent fixed by the proviso contained in section 13 of that act on account of shore service. The claim is that under the amendment of June 7,1900 (31 Stat. L., 697), a rear-admiral *355 of the nine lower numbers is entitled to receive the old navy pay of rear-admiral authorized by section 1556 of the Revised Statutes, in preference to the rate of pay of a brigadier-general in the Army, as fixed by section 7 of the act of March 3, 1899, supra, known as the navy personnel act.
Section 7 of this act of March 3, 1899, provides:
“ That the active list of the line of the Navy * * * shall be composed of 18 rear-admirals: * * * Provided, That each rear-admiral embraced in the nine lower numbers of that grade shall receive the same pay and allowances as are now allowed a brigadier-general in the Army.”
And section 13 of this act provides:
“ That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army: Provided, That such officers when on shore shall receive the allowances, but fifteen per centum less pay than when on sea duty. * * * And provided further, That no provision of this act shall operate to reduce the present pay of any commissioned officer now in the Navy; and" in any case in which the pay of such officer would otherwise be reduced he shall continue to receive pay according to existing law.”
The provision of the act of June 7, 1900 (2 Supp. R. S., 1451, par. 2), amended the act of 1899 in regard to pay of officers of the Navy as follows:
“ Section 13 of the act approved March 3, 1899, entitled ‘ An act to reorganize and increase the efficiency of the personnel of the Navy and Marine Corps of the" United States ’ is hereby so amended as to provide that nothing therein contained shall operate to reduce the pay which, but for the passage of said act, would have been received by any commissioned officer at the time of its passage or thereafter.”
The defendants contend that the foregoing amendatory act was passed “ for the purpose of protecting those officers who ivere advanced in grade, but not advanced in rank, and by which advancement in grade they would not receive the same pay that they had previously been receiving,” citing a decision of the Comptroller of the Treasury against the claimant in support of the contention. (7 Comp. Dec., 162.)
*356 We are of opinion that the measure of compensation is that fixed by the statute which antedates the act of 1899. Section 1556 of the Revised Statutes fixed the pay of a rear-admiral for duty on shore at $5,000 a year. Section 7 of the personnel act was enacted subject to the qualifications and restrictions of the first proviso of section 13 of the same act. (Rodgers v. United States, 36 C. Cls. R., 266; 185 U. S., 83.) It seems most reasonable to say that section 7 is likewise subject to other general provisions qualifying the rules as to pay of naval officers. Inasmuch as the qualification appears by a proviso to section 13 and also by a subsequent act, effect should be given to the provisions of the subsequent act where the apparent purpose was to prevent the reduction of pajL
The object of the personnel act was to equalize army and navy pay, but not to reduce ih. In Colhoun v. United States (38 C. Cls. R., 198) we held that the act of June 7, 1900, engrafted on the j>olicy equalizing páy the qualification that the pay of a naval officer should not be reduced then or thereafter, and that he should receive the pay he would have received but for the passage of said act.
But it is argued that the navy personnel act abolished the grade of commodore and practically constituted a new grade for pay purposes within the grade of rear-admiral known .as the nine-lower numbers of that grade, and into this sub-;grade the commodores were advanced. Citing the Comptroller, it is said that “ had the navy personnel act not passed, the claimant would not now be a rear-admiral, but a commodore.”
But the navy personnel act did pass. Plaintiff was promoted to the grade of rear-admiral of the nine lower numbers. The pay which plaintiff might have received as a commodore can not be the measure of his compensation, because he is not a commodore. The pay pertaining to that grade has been abolished, because the grade of commodore no longer 'exists. The old navy pay is not applicable to some rank which plaintiff might have attained to, but is applicable to his present rank. If the equality attempted by the personnel act is disturbed by the act of 1900 the result was one *357 of intention, because the qualification against reduction is manifested by phraseology that admits of no other conclusion.
The question what rank an officer would occupy but for the passage of the personnel act can not be considered, and this is properly in line with the view we have adopted. (In re McVay, 7 Comp. Dec., 29.)
Judgment will be entered for plaintiff in the sum of six hundred and sixty-one dollars and seventy-three cents ($661.73).