Howry, J.,
delivered the opinion of the court:
The question in this case has heretofore been decided. (Terry v. United States, 39 C. Cls. R., 353.) Government declined to appeal on the conclusion reached, and the decision having been followed by the accounting officers in settlements with rear-admirals in the Navy, both on the active and retired list, from March 3, 1899, to the time of the filing of the present petition (11 Comp. Dec., 347, 645), the question at issue was supposed to be settled.- After some years, however, the question is again presented. As the present claim does not reach the jurisdictional amount sufficient to warrant an appeal if the decision be adverse to the claimant, the question as originally presented becomes of equal importance to those whose claims have been passed bjr the accounting-officers (because all settlements can be reopened) under construction given by the court as to the present claimant.
We held in Near-Admiral Terry’s case that the measure of compensation is that fixed by the statute antedating the navy personnel act of March 3, 1899 (30 Stats., 1005), and the amendatory act of June 7, 1900 (31 Stats., 697). Section 1556, Devised Statutes, fixed the pay of a rear-admiral for duty on shore. Though the general object of the navy personnel act was to equalize army and navy pay, that act did not operate to reduce pay previously fixed for naval officers. That is to say, where a naval officer was receiving a certain amount of pay when the personnel act was passed, that act did not by implication repeal the earlier act. This holding was strictly in line with the previous case of Colhoun v. United States (38 C. Cls. R., 198), where Weldon, J., delivering the opinion of the court, said that the object of the personnel act was to equalize as far as practicable the pay of the Army and Navy by making like rank'in each department equal, but not to reduce the compensation, and that the act of J une 7, 1900, engrafted on that policy the qualification that the pay of a naval officer should not be reduced and that he should receive the pay he would have received but for the passage of said act. In Rio hards oíds case (38 ibid., 182) we held that the purpose of the navy personnel act and the . amendatory act to it was to secure to officers who were in the *435 Navy when the former act was passed, then and thereafter, so long as they should be in the Navy, as high pay as they would have received if navy pay had not been assimilated to army pay. The contention is again urged that the equality sought to be established by the personnel act will be disturbed by adhering to the construction under which allowances have heretofore been made.
Repeals by implication are nevér favored. Thus, a later treaty will not be regarded as repealing an earlier statute by implication unless the two are absolutely incompatible and the statute can not be enforced without antagonizing the treaty. (United States v. Lee Yen Tai, 185 U. S., 213.) If both can exist, the repeal by implication will not b.e adjudged, (Johnson v. Browne, 205 U. S., 309.) Under this general rule we have been unable to say that the navy personnel act as amended was so incompatible with the previous statute fixing pay that the two could not stand. We are still of that opinion, fortified as it is by Rodgers v. United States. (36 C. Cls. R., 266; 185 U. S., 83.) It was there held that section 7 of the personnel act (2 Supp. R. S., 971.) must be read in subordination to the proviso of section 13 (2 Supp. R. S., 972). In affirming the decision of this court the Supreme Court said that it was not to be believed that Congress by that section carved out a salary which in all respects ignored the general rules pertaining to salaries of naval officers, but that it was rather to be believed that only the amount was fixed and that otherwise it was to be in harmony with and subordinate to any and all general provisions. As this court and the Supreme Court have held the special provision of section 7 to be subject to the qualifications and restrictions of the first proviso of section 13, it follows that it is also subject to other general provisions qualifying the rules as to pay of naval officers. Especially is it true when the qualification was made not merely by a proviso to section 13, but by a subsequent act. It is therefore also subject to the provision of the act of June 7, 1900 (2 Supp. R. S., 1451), against reduction of pay.
There are anomalies in the navy personnel act as amended which have led to some confusion in construction. Thus, in *436 Farenholt v. United States (41 C. Cls. R., 517) it was contended. by the Government that it was the purpose of Congress to give the inferior officers the better pay. No explanation of this inconsistency was offered by the Government, which contemporaneously with this decision seems to have been noticed by the Supreme .Court affirming Farenholt'’s case. (206 U. S., 226.) Other cases growing out of the navy personnel act, and which have caused some confusion, might be noticed, but no useful purpose can be served by making more than a general reference to the cases in this and in the court of last resort, inasmuch as these cases establish a general jmrpose by the passage of the personnel act to raise deficiencies in the pay of navy officers rather than to decrease the compensation previously fixed for duties peculiar to the sea and marine service.
Judgment will be entered for claimant in the sum of $79.16.