Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the United States the sum of $2,550.25. He claims that he is entitled under the act of March 3, 1871, R. S., sec. 1481, to be retired from the Navy with the rank and pay of a commodore of the Navy and that he should have been retired as such, whereas he was retired from the Navy on August 15, 1920, with the rank and pay of a captain in the Navy. The retired pay of a commodore is $4,500 per year, while the retired pay of a captain is $3,750 per year.
Under the provisions of the act of March 3, 1871, R. S., sec. 1481, there is no question that the plaintiff is entitled to be retired with the rank and pay of commodore. That act provides as follows:
“ Officers of the Medical, Pay, .and Engineer Corps, chaplains, professors of -mathematics, and constructors, who shall have served faithfully for forty-five years, shall, when retired, have the relative rank of commodore; and officers of these several corps who have been or shall be retired at the age of sixty-two years, before having served for forty-five years but who shall have served faithfully until retired, shall, on the completion of forty years from their entry into the service, have the relative rank of commodore.”
The plaintiff is eligible in every respect to retirement under the aforesaid act unless subsequent legislation bars him from the privileges granted by the act.
The defendant contends that the provisions of the act of March 3,1871, in so far as they apply to the Corps of Engi *195 neers of tlie Navy, are repealed by section 1 of tbe act of March 3, 1899, 30 Stat. 1004, and generally known as the Navy personnel act, and that the plaintiff, >an officer of the Corps of Engineers of the Navy at the time of the passage of the act'of March 3,1899, is not entitled to be retired under section 1481, Revised Statutes. The act of March 3, 1899, provides:
“ That the officers constituting the Engineer Corps of the Navy be, and they are hereby, transferred to the line of the Navy, and shall be commissioned accordingly.”
The Engineer Corps of the Navy as it was constituted before the passage of the personnel act was abolished. Section 7 of the act of March 3, 1899, also provided:
“ That all sections of the Revised Statutes which, in defining the rank of officers or positions in the Navy, contain the Avords ‘ the relative rank of ’ are hereby amended so as to read 4 the rank of,’ but officers whose rank is so defined shall not be entitled, in virtue of their rank, to command in the line or other staff corps.”
Section 13 of said act also contained the following provisions :
“ That after June thirtieth, eighteen hundred and ninety-nine, commissioned officers of the line of the Navy and of the Medical and Pay Corps shall receive the same pay and allowances, except forage, as are or may be provided by or in pursuance of law for the officers of corresponding rank in the Army. * * *: And provided further, That no provision of this act shall operate to reduce the present pay of any commissioned officer of the Navy; and in any case in which the pay of such officer would otherwise be reduced he shall continue to receive pay according to existing law.”
The act of June 7, 1900, 31 Stat. 684, 697, amended the act of March 3,1899, as follows:
“ Section thirteen of the act approved March third, eighteen hundred and ninety-nine, entitled ‘ An act to reorganize and increase the efficiency of the personnel of the Navy and Marine Corps of the United States,’ is hereby so amended as to provide that nothing therein contained shall operate to reduce the pay which, but for the passage *196 of said act, would have been received by any commissioned officer at the time of its passage or thereafter.”
In the light of these acts the court is of opinion that the act of March 3, 1899, did not repeal the provisions of the act of March 3, 1871, so far as it relates to the retirement of officers of the Engineer Corps of the Navy. The act of June 7, 1900, specifically preserves to all officers of the Navy the pay which, but for the passage- of the act of March 3, 1899, would have been received by them at the time of its passage or thereafter. But for the passage of the act of March 3,1899, the plaintiff would have been retired as a commodore and would have received the retired pay of that rank. The term thereafter was intended to apply to the pay, either active or retired, which might accrue thereafter to persons in the Navy under any law in existence at the time the exception was made in favor of persons then in the Navy. The object of the- act of June 7, 1900, was to provide that the pay of a naval officer should not be reduced then or thereafter, and that he should receive the pay he would have received but for the passage of the said act. But for the act of 1899 there would be no question as to right of the plaintiff to recover, and he is entitled to compensation under the law which was in force at the time of the passage of the act of 1899.
We see no distinction between active and retired pay under the statute. There can be no doubt that the active pay of the plaintiff, fixed by a law antecedent to the act of 1899, could not be reduced by virtue of any provision contained in the last named act. In fact, the provisions of the act prohibit it. Retired pay fixed by a law antecedent to the aforesaid act stands upon the same ground, and the word “ thereafter ” in the act of 1900 makes certain the intent and meaning of Congress.
We therefore conclude that the plaintiff is entitled to recover the sum of $2,550.25, and it is so ordered.
Graham, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.