GREEN, Judge,
delivered the opinion of the court:
This case depends upon the construction of section 1481 of the Revised Statutes, which reads as follows:
“ Officers of the Medical, Pay, and Engineer Corps, chaplains, professors of mathematics, and constructors, who shall have served faithfully for forty-five years, shall, when retired, have the relative rank of commodore; and officers of these several corps who have been or shall be retired at the age of sixty-two years, before having served for forty-five years, but who shall haim served faithfully until retired, *701 shall, on the completion of forty years from their entry into the service, have the relative rank of commodore.”
This statute was amended by section 7 of the act of March 3, 1899, 30 Stat. 1006, which struck out the word “ relative ” where it appeared therein, so that whenever section 1481 was applicable, the rank of the officers referred to therein became on retirement that of commodore. Prior to the time of the retirement of plaintiff, this statute was further amended by changing the age for retirement from sixty-two to sixty-four years.
It will be observed that the statute as thus amended containing two provisions: The first referring to certain officers who when retired shall have served forty-five years; the second to officers retired at the age of sixty-four years, who had not served for forty-five years, but who had completed forty years of service. The case of the plaintiff is based upon the second provision.
It appears that by order of the Secretary of the Navy, contained in a létter, the plaintiff was, as of date of December 28, 1924, transferred from the active service to the retired list. At that date the plaintiff had attained his sixty-fourth birthday and had served more than forty years. Subsequently, by a letter dated February 24, 1925, he was recognized as commodore by the Secretary of the Navy. Both of these letters are set out in Finding II.
The evidence shows that he received the pay of a retired commodore from the date of his retirement, December 28; 1924, until September 30, 1926. From October 1, 1926, pursuant to a ruling made by the Comptroller General, his pay was reduced to that of a retired lieutenant, and he has continued to receive it on that basis. The reduction in his pay amounts to $93.75 per month, and he asks judgment for the amount of the difference in pay from October 1, 1926, up to the present time.
The defendant appears to rely principally ftp on the Navy personnel act of March 3, 1899, 30 Stat. 1004. Section 8 thereof contains a provision quoted by the defendant for the retirement of lieutenant commanders and officers above that rank with the “rank and three-fourths the sea pay of the next higher grade as now existing, including grade of com *702 modore.” An examination of this section shows very clearly that it has no application to officers retired by reason of age, but on the contrary applies to officers who voluntarily retired in accordance with its terms.
The defendant also refers to a provision contained in section 13 of the same act reading, “ that no provision of this act shall operate to reduce the present pay of any commissioned officer now in the Navy; and in any case in which the pay of such an officer would otherwise be reduced, he shall continue to receive pay according to existing law.” Whether this provision had any application to the cases of officers retired on account of age it is not necessary to determine herein. It is plain that it does not change the status of the plaintiff in the least. In passing, however, it should be noted that the main purpose of the Navy personnel act was to reduce the number of officers in certain of the higher grades of the Navy by providing a method of voluntary retirement and also a method of compulsory retirement under the operations of what has been commonly known as the “ Plucking Board.” This statute had one general provision to which reference has heretofore been made. In section 7 of the act it was stated “ that all sections of the revised statutes which in defining the rank of officers or positions in the Navy contain the words ‘the relative rank of’ are hereby amended so as to read ‘ the rank of.’ ” This language is contained in a proviso and is so plain as to need no comment.
The defendant also relies on the language of the act of August 5, 1882, 22 Stat. 286, which provides:
“ Hereafter there shall be no promotion or increase of pay in the retired list of the Navy, but the rank and pay of officers on the retired list shall be the same that they are when such officers shall be retired.”
This act merely prevents promotion or increase of pay in the retired list» after an officer has been retired. It has been so construed by the Attorney General (32 Op. Atty. Gen. 406, January 28, 1921). Before its enactment, officers to whom section 1481 applied, who had not served forty years when retired, could after retirement be promoted to the rank of *703 commodore on reaching that age. It has no application to the case of the plaintiff who had served forty years before being retired and who was retired at the grade of commodore without any subsequent promotion.
Some other statutory provisions are mentioned in defendant’s brief, but it is not claimed that any of them amended or changed in any way the effect of section 1481 under which plaintiff was retired.
It is contended on behalf of the defendant that to so construe section 1481 as to raise the grade of an officer upon retirement from that of lieutenant to commodore gives to this statute such an unreasonable effect that it can not be assumed that Congress intended such a result. The terms, however, of the law are clear and unmistakable. There is no ambiguity in the statute and this court can not pass upon the question of its advisability. On this point the case of Bartlett v. United States, 59 C. Cls. 192, has some bearing. In that case it appeared that Bartlett had passed through different grades to that of lieutenant commander, and having reached the age of sixty-four, was retired with the grade and pay of captain. Claiming that he was entitled to the grade and pay of commodore upon his retirement, he brought suit for the difference in his pay. This court said in rendering its opinion upon the case:
“ Under the provisions of the act of March 3, 1871, R. S., sec. 1481, there is no question that the plaintiff is entitled to be retired with'the rank and pay of commodore.”
On the whole, an examination of the amendments and changes made in the law shows, as it did in the Bartlett case, that the application of section 1481 to the plaintiff’s case has not been altered thereby.
We find that the plaintiff was entitled to be retired with the grade of commodore and to receive the pay of such grade. It follows that he is entitled to recover the difference between what has been paid him and the pay of that grade, and judgment will be rendered accordingly. ■
Moss, Judge; Gkaham, Judge; and Booth, Chief Justice, concur.