LittletoN, Judge,
delivered the opinion of the court:
The joint service pay act of June 10, 1922, 42 Stat. 625, adjusting the pay and allowance of commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, and other services provided that the pay of the fourth period should be $8,000 and that the pay of this period should be paid to “ lieutenant commanders of the Navy, and officers of corresponding grade who have completed fourteen years’ service, * * * and to lieutenants of the Staff Corps of the Navy, and lieutenants and lieutenants (junior grade) of the line and Engineer Corps of the Coast Guard whose total commissioned service equals that of lieutenant commanders of the line of the Navy drawing the pay of this period. The pay of the third period [$2,400] shall be paid to * * * lieutenant commanders of the Navy, and officers of corresponding grade who are not entitled to the pay of the fourth, fifth, or sixth period; to * * * lieutenants of the Navy, and officers of corresponding grade who have completed seven years’ service, * *
Section 16 of this act provided “ That nothing contained in this act shall operate to reduce the pay of any officer on the active list below the pay to which he is entitled by reason of his grade and length of service on June 30, 1922; * * * and nothing contained in this act shall operate to reduce the total of the pay and allowances which any enlisted man of the Army, Navy, Marine Corps, or Coast Guard is now receiving during his current enlistment and while he holds his present grade or rating.”
Plaintiff contends that under this act he was entitled to continue to draw his pay and allowances of the fourth-pay period upon his promotion to the grade of lieutenant commander. The defendant refused to continue to grant him the pay and allowances of the fourth period after his promotion, on the ground that only lieutenant commanders with fourteen years’ service were entitled to pay for the fourth-pay period; that plaintiff, thereupon, was entitled only to the pay of the third period, and, since he entered the Navy in • 1916, he would not have the necessary fourteen years’ service and was, therefore,, entitled only to the pay of the third period.
*592 We are of opinion that under the provisions of section 16, act of June 10, 1922, supra, plaintiff would be entitled to recover, for we think that it was not intended by that act to reduce the pay and allowances of an officer upon his promotion, below that which he was receiving at the time of such promotion. United States v. Freeman, 3 How. 556. United States v. Babbit, 2 Black 55. United States v. Kirby, 7 Wall. 482. Oates v. National Bank, 100 U. S. 239. United States v. Farenholt, 206 U. S. 226. Denig v. United States, 37 C. Cls. 395. Terry v. United States, 39 C. Cls. 353. Cromwell v. United States, 42 C. Cls. 432. Bartlett v. United States, 59 C. Cls. 192; 2 Comptroller General 59. Any doubt that might exist in this respect was removed bj^ the act of May, 23, 1928, amending paragraph 5 of section 1, act of June 10, 1922. This amendment reads as follows :
“Be it enacted, etc., That paragraph 5, section 1, of the act approved June 10, 1922 (Volume 42, Statutes at Large, chapter 212, page 626), entitled ‘An act to readjust the pay and allowances of the commissioned and enlisted personnel of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and Public Health Service,’ be, and the same is hereby, amended to read as follows: ‘ The pay of the fourth period shall be paid to lieutenant colonels of the Army, commanders of the Navy, and officers of corresponding grade who are not entitled to the pay of the fifth or sixth period; to majors of the Army, lieutenant commanders of the Navy, and officers of corresponding grade who have completed fourteen years’ service, or whose first appointment in the permanent service was in a grade above that corresponding to second lieutenant in the Army, or who were appointed to the Regular Army to fill vacancies created by the increase of the commissioned personnel thereof in 1920; to captains of the Army, lieutenants of the Navy, and officers of corresponding grade who have completed seventeen years’ service, except those whose promotion is limited by law to this grade and who are not entitled under existing law to the pay and allowances of a higher grade; and to lieutenant commanders and lieutenants of the Staff Corps of the Navy, and lieutenant commanders, lieutenants, and lieutenants (junior grade) of the line and engineer corps of the Coast Guard whose total commissioned service equals that of lieutenant commanders of the line of the Navy, *593 drawing the pay of this period ’: Provided, That this amendment shall be effective from July 1, 1926: Provided, That no back pay or allowance shall accrue by reason of the passage of this act.”
This act was passed to obviate the injustice arising from the reduction thus made. , It inserted the words ■“ lieutenant commanders and ” before “ lieutenants of the Staff Corps,” etc.
The report of the House Committee on Naval Affairs, No. 1126, was adopted by the Senate committee, Report No. 1104, 70th Congress, 1st session, which quoted its recommendation :
“ It is obviously inequitable that officers should suffer such a substantial reduction in pay and allowances upon promotion to a higher rank. The amendment to the pay act carried in this bill will only permit these officers, and officers similarly affected in the Coast Guard, to continue at their previous rate of pay upon promotion, without authorizing any increase of that pay.”
The defendant held that, the act of May 23, 1928, amending the act of June 10,1922, was effective only from the date of its passage and refused to give any effect to the proviso “ That this amendment shall be effective, from July 1, 1926,” on the ground that the first and second provisos of the act were inconsistent and that the first proviso did not belong in the bill and had been inadvertently included'therein. In this construction of the statute the defendant erred'. Both of these provisos were in the act of May 23, 1928, as signed by the Speaker of the House of Representatives, the President of the Senate, and as approved by the President, and neither can be ignored by the court. In Field v. Clark, 143 U. S. 649, it was contended that an act as enrolled and as signed and published was different from that shown by the Journals of the two Houses of Congress to have been passed. The court said:
“ The signing by the Speaker of the House of Representatives, and by the President of the Senate, in open session, of an enrolled bill, is an official attestation by the two Houses of such bill as one that has passed Congress. It is a dec *594 laration by the two Houses, through their presiding officers, to the President, that a bill, thus attested, has received, in due form, the sanction of the legislative branch of the Government, and that it is delivered to him in obedience to the constitutional requirement that all bills which pass Congress shall be presented to him. And when a bill thus attested, receives his approval and is deposited in the public archives, its authentication as a bill that has passed Congress should be deemed complete and unimpeachable. As the President has no authority to approve a bill not passed by Congress, an enrolled act in the custody of the Secretary of State, and having the official attestations of the Speaker of the House of Eepresentatives, of the President of the Senate, and of the President of the United States carries, on its face, a solemn assurance by the legislative and executive departments of the Government, charged, respectively, with the duty of enacting and executing the laws, that it was passed by Congress. The respect due to coequal and independent departments requires the judicial department to act upon that assurance, and to accept, as having passed Congress, all bills authenticated in the manner stated, leaving the courts to determine, when the question properly arises, whether the act, so authenticated, is in conformity with the Constitution.”
We must take the acts of Congress as we find them, without addition or diminution.
By the first proviso of the act of May 23, 1928, supra, the amendment was made effective from July 1, 1926, and by the second proviso it was enacted that no pay or allowances back of that date should accrue by reason of the passage of the act. Thus construed, the two provisos are harmonious, supporting, instead of contradicting, each other, and carry out the true and manifest intent of the whole act.
Plaintiff is entitled to recover, and judgment in his favor for $1,556.61 will be entered. It is so ordered.
Williams, Judge/ GkeeN, Judge; and Booth, Chief Justice, concur.
Whaley, Judge, did not hear and took no part in the decision of this case.