Littleton, Judge,
delivered the opinion:
For his heroic conduct in the disaster which overtook the U. S. S. Bennington on July 21, 1905, plaintiff was awarded the Congressional Medal of Honor and cited for bravery in General Orders No. 13 of January 13, 1906. His health was so seriously impaired by these injuries that he was found physically unqualified for reenlistment upon the expiration of his term of enlistment on October 23, 1906, and on that date he was honorably discharged from the Navy as a hospital steward.
April 3, 1908, the President approved a special act of Congress, 35 Stat. 58, placing plaintiff upon the retired list of the Navy to receive the rank and three-fourths of the sea pay of a pharmacist in the Navy. Thereafter, on March 4, 1929, the President approved a further special act of Congress, 45 Stat. 2385, as set forth in the findings, which provided that plaintiff thereafter should receive “ the retired pay of a chief pharmacist, equivalent to the maximum pay and allowance of that grade provided by law.” Under this act plaintiff claims that he is entitled to pay at the rate of $5,000 per annum, which is equivalent to the maximum pay and allowance of the grade of chief pharmacist provided by law.
*379 The maximum pay and allowance of the grade of commissioned warrant officers is limited to $5,000 per annum in the act of February 16, 1929, 45 Stat. 1187, which provides in part “ That when the total base pay, pay for length of service and allowances for subsistence and rental of quarters authorized in this act for any commissioned warrant officer shall exceed $5,000 a year, the amount of the allowances to which such officer is entitled shall be reduced by the amount above $5,000, * *
The act of June 17, 1898, 30 Stat. 474, designates chief pharmacists of the Navy as “ commissioned warrant officers/’ so that the maximum pay and allowances applicable to commissioned warrant officers shall also apply to chief pharmacists.
The defendant insists that under the special act for the relief of plaintiff Congress did not intend that allowances should be included, but intended that plaintiff should be .given the retired pay of a chief pharmacist after thirty years’ service computed on the same basis as that applying to all other officers of the Navy.
We are of opinion that the claim of plaintiff that he is entitled to $5,000 per annum is correct. The allowances of the grade of chief pharmacist specifically formed a part of the measure of the Congressional grant to the plaintiff by the act of March 4, 1929. It seems clear from the act that Congress intended to fix ,the retired pay of the plaintiff at the maximum amount, including pay and allowance, of the grade of chief pharmacist provided by law and such maximum was and is $5,000 per annum.
Plaintiff’s case is a special exception to the laws governing retirement and retired pay generally. It grows out of a special act passed only for his particular benefit to compensate him, as a holder of the Congressional Medal of Honor, for the loss of rank and pay he would undoubtedly have received but for the serious injuries sustained in the explosion on the U. S. S. Bennington in 1905. The amount of the allowance to the plaintiff was evidently considered by Congress, and we think the intention of Congress was to fully compensate him for that which he would have received but for the serious injury sustained.
*380 Neither section 1588 of the Revised Statutes nor other laws governing retired pay and retired officers generally apply to this case.
The measure of the relief granted plaintiff by the special act includes both pay and allowances of the grade of chief pharmacist and this amount he is entitled to receive. Moore v. United States, 4 C. Cls. 139, 141; Sherburne v. United States, 16 C. Cls. 491; Noble C. Butler v. United States, 23 C. Cls. 162.
Judgment in favor of plaintiff for $5,000 per annum from March 4, 1929, to the date of judgment, less $3,375 per annum, which had been paid to him, will be entered. It is so ordered.
Whaley, Judge; Williams, Judge; (xreen, Judge; and Booth, Chief Justice, concur.