Williams, Judge,
delivered the opinion of the court:
The plaintiff enlisted in the United States Navy on April 13, 1886, and served continuously thereafter until May 11, 1918, a period of more than thirty years. During this time *643 he had risen by successive promotions to the commissioned rank of Chief Boatswain, in which rank he was retired on May 11, 1918, because of physical disability resulting from an incident of the service.
Under the act of May 22, 1917 (40 Stat. 84, 85), it was provided that commissioned warrant officers under the age of 50 years might be appointed to temporary grades of commissioned officers. The plaintiff being more than 50 years of age, was ineligible for this promotion and continued in his then rank of chief boatswain until his retirement in that grade in 1918 on account of disability. Subsequent to his retirement the act of July 1, 1918 (40 Stat. 704, 716), removed the age restriction for temporary appointment to commissioned grades of those officers who by reason of age were not eligible for such promotion under the act of 1917, but the plaintiff having already been retired because of disability did not come within the provisions of that act.
On February 9, 1931, Congress passed the following Special Act (46 Stat. 1978, Part 2):
That the President is hereby authorized to advance Chief Boatswain Edward Sweeney, United States Navy, retired, to the rank of lieutenant (junior grade) on the retired list of the Navy, with the retired pay and allowances of that rank: Provided, That no' back pay, bounty, pension, or other emolument shall accrue prior to the passage of this Act.
Pursuant to the provisions of this act the plaintiff was commissioned lieutenant, junior grade, on the retired list of the Navy, to rank from February 9, 1931. Since this date he has received the retired pay authorized for a lieutenant (junior grade) of the Navy with over 10 years’ commissioned service and over 30 years’ service for longevity purposes, but has not been paid rental and subsistence allowances for dependents, or for himself. He contends that by the terms of the special act he is entitled to receive these allowances.
The defendant contends that the purpose of the special act was to give the plaintiff the retired pay which he would have received had he been retired in the rank of lieutenant, junior grade, at the time he was placed on the retired list in the rank of chief boatswain; that had he been originally *644 retired on that rank, which he would hare been except for his age, he would not have been entitled to receive rental and subsistence allowances under section 1588 of the Revised Statutes, as amended, Title 34, U. S. C. Section 991, and that consequently the intent of the special act was to give the plaintiff only the retired pay he would have been entitled to receive under the law had he been retired in the rank of lieutenant, junior grade. It is contended that this intent is shown in the report of the committees of Congress recommending the passage of the act and also in the title of the act.
The fact that the general laws governing the pay of retired Naval officers do not authorize the payment of rental and subsistence allowances to such officers while on inactive status is immaterial. The plaintiff’s claim is founded on a special act of Congress, applicable to him alone, and can not be determined on the basis of pay provided for retired Naval officers under the general law. It is elementary that where the provisions of a special act of Congress dealing with a specific matter conflict with the provisions of general law dealing with that subject, the provisions of the special act are controlling. It is also an elementary rule of statutory construction that the meaning of an act must be found in the language in which it is expressed, when free from ambiguity. United States v. Hill, 248 U. S. 420. This rule is well expressed in American Express Co. v. United States, 212 U. S. 522, where it is said:
But we are to consider the language which Congress has used in passing a given law, and when the language is plain and explicit our only province is to give effect to the act as plainly expressed in its terms.
The language of the special act is clear and explicit — the plaintiff was to be advanced on the retired list of the Navy to the rank of lieutenant, junior grade, “with the retired pay and allowances of that rank.” We must take the act as it is written, without addition or diminution, Gantz v. United States, 70 C. Cls. 589, and give effect to its every word and clause, if possible, avoiding any construction which implies that Congress was ignorant of the meaning *645 of the language it employed, Montclair v. Ramsdell, 107 U. S. 147, or that it used meaningless or superfluous words.
We must assume that Congress at the time the special act was passed was aware of the fact that under existing law retired officers of the Navy were not entitled to receive the allowances payable to officers on the active list, but that they were entitled to receive only 75 percent of their active duty pay at the time of retirement. When, therefore, it was declared in the act that plaintiff was to receive the “retired pay and allowances” of the rank of lieutenant, junior grade, it must be presumed that Congress understood the legal effect of such declaration and intended that the plaintiff, in addition to the retired pay he was entitled to receive under the general law, was also to have the allowances provided by law for that rank. Otherwise, the words “and allowances” aré meaningless and superfluous and of no effect whatever. The special act was carefully considered by committees of both Houses of the Congress and by the Navy Department as shown by the record. The court will not assume that the words “and allowances” were inadvertently used in the act, or that the intent of Congress in using them was other than that which their plain meaning imports. We must, therefore, under all the authorities, give effect to these words by holding that the plaintiff is entitled to be paid the rental and subsistence allowances claimed. To hold otherwise the court, in effect, would have to strike the words “and allowances” from the statute as written by Congress and make the act read — with retired fay * * * of that rank. The court is without authority to amend a statute under the guise of construing it.
The plaintiff is entitled to recover the rental and subsistence allowances payable to an officer of his rank and length of service, from February 9, 1931. The entry of judgment will be suspended to await the filing of a report by the General Accounting Office showing the amount due in accordance with the court’s opinion.
It is so ordered.
Whaley, Judge; LittletoN, Judge; Green, Judge; and Booth, Chief Justice, concur.