Green, Judge,
delivered the opinion of the court:
This suit is begun by an officer retired by a special act to recover the rental and subsistence allowances of his rank, with dependents, from August 1,1931.
There is no disagreement between the parties as to the service of the plaintiff which is set forth in the findings, nor is there any dispute as to the circumstances of his retirement. It appears that the plaintiff had presented his resignation. A physical examination being ordered after some proceedings not material to the controversy in the case, the plaintiff was ordered before a retiring board because of a recently discovered physical disability.
On May 14, 1928, the following Act of Congress was approved (45 Stat. 1830):
That the President is authorized to appoint Byron Brown Balston, formerly lieutenant commander in the United States Navy, a lieutenant commander in the United States Navy and place him upon the retired list of the Navy with the retired pay and allowance of that grade with credit for any purposes for all service to which he was entitled on April 15, 1927: Provided, That a duly constituted naval retiring board finds that the said Byron Brown Balston incurred physical disability incident to the service while on the active list of the navy: Provided further, That no back pay, allow- *95 anee, or emoluments shall become due as a result of the passage of this Act.
Plaintiff appeared before a Naval Betirement Board which found him to be.so disabled. Pursuant to that finding and the act above recited, the Secretary of the Navy placed plaintiff on the retired list as a lieutenant commander from May 14, 1928, with the retired pay and allowances of that grade in accordance with the provisions of the Act of May 14, 1928, above set out.
Since the approval of the act, plaintiff has received three-fourths of his active duty pay in the rank of lieutenant commander, with dependents, but has not received the allowances of his grade.
The question presented in the case is whether, under the Act of Congress set out above, the plaintiff is entitled not only to retired pay of the grade of lieutenant commander but also to the allowance for that grade as stated in the act.
The case of Sweeney v. United States, 82 C. Cls. 640, is exactly similar to the one before us, except that in the Sweeney case the word “allowances” was used in the special act instead of “allowance” as in the case at bar. This we deem immaterial and think the decision in the Sweeney case is controlling. See also SJiacJclette v. United States, 71 C. Cls. 376. The opinion in the Sweeney case elaborately reviewed the language of the act, held it to be clear and explicit, and said:
We must take the act as it is written, without addition or diminution, * * *.
For this holding it gave thorough and complete reasons which are not in any way refuted by the argument of counsel. This reasoning so fully supports a judgment of the court in favor of the plaintiff as to make it seem superfluous to add anything thereto.
It may, however, be noted that the argument on the part of the defense is in effect that it was not intended by Congress by special act to grant allowances to plaintiff, that this is shown by the fact that the general law does not provide for retired officers receiving allowances, and that the granting *96 thereof to plaintiff would be ail unjust discrimination in his favor for which no good reason can be given. There may be cases where it is manifest from the circumstances thereof that Congress could not have intended that the act in question should be applied literally, but this conclusion cannot be drawn when considering a special act like the one now before us. The very purpose of an act of this kind is to make an exception from the general rule and confer upon the individual referred to in the act a special favor exempting him from general statutes and general rules. Congress is not obliged to give its reasons for so doing, nor is the individual benefited by the act required to show that there was good reason for the passage of it. If Congress saw fit by clear and explicit language to confer a special benefit on the plaintiff it was within its power to do so, whatever the reasons may have been and even though some unreasonable discrimination may have been created.
It is also urged that no appropriation was made by Congress to pay the allowance provided in the act under consideration, but we have often held that where the right of compensation exists the failure to make an appropriation therefor will not in itself deny the right.
The plaintiff is entitled to recover the allowance claimed for a period beginning six years prior to the time of filing the petition herein which was August 31, 1937. The case, however, is a continuing one and entry of judgment will be suspended pending the receipt from the General Accounting Office of a statement of the amount due plaintiff in accordance with this opinion. It is so ordered.
LittletoN, Judge-/ and Whaley, OMef Justice, concur.
Whitakeb, Judge; and Williams, Judge, took no part in the decision of this case.
In accordance with the above decision, and on report from the General Accounting Office, the Court on June 3, 1940, rendered judgment for the plaintiff in the sum of $15,414.89.