Jones, Judge,
delivered the opinion of the court:
This suit was instituted by the plaintiff to recover the rental and subsistence allowances of his rank, with dependents, from August 1, 1931.
He had been commissioned as Acting Chaplain in the United States Navy with the rank of lieutenant, junior grade, effective as of the date of November 6,1926.
The special act under which the claim was filed was approved by the President of the United States on June 30, 1930 (46 Stat. 1951) and reads as follows:
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the President is authorized to place Lieutenant (Junior Grade) Christopher S. Long, Chaplain Corps, United States Navy, upon the retired list of the Navy with the retired pay and allowances of that rank: Provided, That a duly constituted naval retiring board finds that the said Christopher S. Long has incurred physical disability incident to the service while on the active list of the Navy.
On October 3, 1930, the President approved the proceedings and findings of the Naval Retiring Board which had found that he was permanently incapacitated for active service and that his incapacity resulted from an incident of the service.
The plaintiff’s petition was filed on August 31, 1937.
The facts are undisputed. The law is clear. Exactly similar questions were presented to the court in the case of Sweeney v. The United States, 82 C. Cls. 640, and Ralston v. The United States, 91 C. Cls. 91. In the latter case an application for writ of certiorari was denied by the Supreme Court on October 21, 1940. (311 U. S. 687.)
*472 Under these decisions, the principles of which are applicable to the facts of this case, the plaintiff is entitled to recover the allowances claimed for a period beginning 6 years prior to August 31, 1937, the date on which the petition herein was filed. The case, however, is a continuing one, and entry of judgment will be suspended pending the receipt from the General Accounting Office of a statement of the amount due plaintiff in accordance with this opinion.
It is so ordered.
Littleton, Judge; Green, Judge; and Whaley, Chief Justice, concur.
Whitaices, Judge, took no part in the decision of this case.
[On the court’s own motion, it was ordered, April 29, 1941, that in the above ease (No. 43642), the special findings of fact, conclusion of law entering judgment for plaintiff, and opinion therein filed February 3, 1941, be vacated and withdrawn.]
(gee subsequent volume for opinions and judgment rendered in this case (No. 43642) May 5,1941.)