GREEN, Judge,
delivered the opinion of the court:
The plaintiff, a retired officer in the United States Marine Corps, brings this suit to recover rental and subsistence allowances.
The findings show that by virtue of a special act of Congress, set out therein, plaintiff was appointed a Second Lieutenant in the United States Marine Corps and placed upon the retired list thereof “with the retired pay and emoluments of that grade.” Although he is on the retired list, he brings this' suit alleging that by the terms of the act under which he was retired he is entitled to recover the allowances authorized by law to be paid an officer of his grade who is on active duty. In support of this claim the plaintiff relies upon Sweeney v. United States, 82 C. Cls. 640, and Ralston v. United States, 91 C. Cls. 91, but we think the decisions made in those cases have no application.
In the cases cited above it appears that the act authorizing the plaintiffs’ appointments was worded differently. The appointment was made in each case, as specified in the acts, “with retired pay and allowances of that rank” (or grade). In an extended opinion in the Sweeney case, supra, we held in effect that the act of Congress authorizing the appointment was ambiguous; that there were no allowances made by law to officers on the retired list; and that unless we construed the act to refer to the allowances made to officers on active duty the word “allowances” would be given no meaning or significance whatever and the same effect would be placed on the act as though the word “allowances” was omitted entirely. This, the opinion held, we could not properly do.
The Ralston case, supra, merely followed the Sweeney case.
It will be observed that the decision in the Sweeney case was based on the theory that unless the word “allowances” was treated as applying to the allowances of the active service there was no meaning that could be ascribed to it. In *558 the instant case no such problem arises. Officers on the retired list receive benefits and privileges and any benefit or privilege is an emolument. Under the statutes and military regulations a retired officer is entitled to hospitalization in Navy Hospitals under certain conditions, and he is also permitted to buy merchandise procured by the Navy for resale to its officers and men. While living in the District of Columbia his children are entitled to attend the schools without payment of tuition. His name is carried on the Navy Register and he has the right to wear the uniform of his highest war-time rank on ceremonial occasions. All these matters are included by the word “emoluments.”
It is true that the word “emoluments” might also include pay and allowances, if the connection so indicated, but it does not. The pay was otherwise provided, and we see no reason to think that Congress intended by the use of the word “emoluments” to include anything except the emoluments of a retired officer. This would give the plaintiff just what any. other retired officer would receive, which, we think, wasl plainly the intent of the statute. The use of the word “emoluments” made clear the award and was necessary to give the plaintiff the same status as other retired naval officers.
Our conclusion is that the plaintiff is not entitled to receive the allowances for which he brings suit and that his petition must be dismissed.
It is so ordered.
Jones, Judge; and Whaley, Chief Justice, concur.