GreeN, Judge,
delivered the opinion of the court:
The plaintiff, a warrant officer on the retired list of the United States Navy, brings this suit to recover rental and subsistence allowances.
It appears from the findings that in accordance with a special act of Congress, set out therein, the plaintiff was transferred to the retired list of officers of the Navy, and the Secretary of the Navy was authorized and directed to grant him “the retired pay and allowances of his rank and length of service in accordance herewith.” Although he is on the *590 retired list be brings this suit alleging that by the terms of the act under which he was retired he is entitled to recover the allowances authorized by law to be paid an officer of his grade who is on active duty. No argument is made to support this claim except to cite the cases of Sweeney v. United States, 82 C. Cls. 640, and Ralston v. United States, 91 C. Cls. 91, which are said to be exactly in point and show that the plaintiff is entitled to recover.
In the cases cited the acts authorizing the plaintiffs’ appointments were worded differently from the one under which plaintiff makes his claim. The appointment was made in each case, as specified in the acts, “with the retired pay and allowances of that ra/rúc” (or grade). In the instant case instead of using the words “of that rank” (or grade) the act specifies that the officer should be granted “the retired pay and allowances of his rank and length of service in accordance herewith.” The words “in accordance herewith” must mean in accordance with the remainder of the act, which placed the plaintiff on the retired list. It would not be “in accordance” with the provisions of the act placing the plaintiff on the retired list to give him the allowances, which by the general law are paid to those only in the active service. It is true that if plaintiff were called back to the active service he could then receive allowances, but that is not the case here, and the only harmonious construction that can be placed on the act is to hold that the plaintiff is not entitled to allowance while he is in the retired service. It is a rule of construction of legislative acts that effect must be given to every word and clause, if possible. Montclair v. Ramsdell, 107 U. S. 147, 152. When we do this we are constrained to hold that the plaintiff is not entitled to any allowances while upon the retired list.
It follows that the plaintiff’s petition must be dismissed and it is so ordered.
Jones, Judge; and Whaley, Chief Justice, concur.