Madden, Judge,
delivered the opinion of the court:
Plaintiff’s claim is based on a special act of Congress of February 27, 1929, 45 Stat. 2330, which provides:
* * * That the President be, and he is hereby, authorized to order Fred Elias Horton, formerly commander, United States Naval Eeserve Force, to appear before a naval retiring board for the purpose of determining whether or not the disability complained of in his case originated in the line of duty in time of war: Provided, That if said naval retiring board finds that the said Fred Elias Horton is now suffering from a disability incurred in the line of duty in time of war which renders him unfit to perform all duties of the grade of commander, United States Naval Eeserve Force, in time of war, the President be, and he is hereby, authorized to appoint Fred Elias Horton a commander, United States Naval Eeserve Force, and to place him upon the retired list of the Navy with the retired pay and emoluments of that grade: Provided further, That no back pay, allowances, or emoluments shall become due because of the passage of this Act.
Plaintiff was found by a board to have been disabled as an incident of his service and was appointed a commander and placed on the retired list on February 27, 1929. He has since that date received the retired pay of an officer, but has not received rental and subsistence allowances which an officer in the active service, with dependents, *595 would receive. These allowances down to June 30, 1938, would amount to upwards of $12,000.
Defendant argues that plaintiff is not entitled to these allowances, pointing out that an officer of the Navy, retiring imder the general provisions of the statutes, does not get them. U. S. Code Tit. 34, secs. 383, 388, 388a, 417. Plaintiff’s position is that the meaning of the statute is so plain that its interpretation cannot be affected by its inconsistency with the legislative scheme disclosed by other statutes, or by any external aid to its construction. The problem, then, is whether the special act requires construction, and if so, what that construction should be.
The text of the portion of the act in controversy is “with the retired pay and emoluments of that grade.” The “plain meaning” which plaintiff urges for this phrase is “with the retired pay and active service emoluments of that grade.” Plaintiff begins the exposition of a text which he says requires no interpretation, by reading in words which are not there and are not suggested by the text. The primary meaning of the words “retired pay and emoluments” in this act which related to an officer about to be retired would be that the adjective “retired” modified both nouns, if emoluments were of a variable or modifiable nature. In this case, if there were such things as “retired emoluments” and if they differed from “active service emoluments” the determination that the former was meant and not the latter would be easy. But plaintiff says that the latter was meant by the statute. How did he discover that, as he claims, there were no “retired emoluments” and that therefore the text could not have its primary meaning? Not by studying the text itself. He discovered it by examining other statutes relating to the retirement of naval officers. That examination disclosed, so he claims, that the regular statutory scheme for the retirement of naval officers provides for nothing but pay, and for no emoluments. He therefore returns to his text, says that unless the primary meaning of the text is discarded and extraneous words inserted, the legislative language will be fro tanto futile, and demands that the extraneous words be inserted to give meaning to the text. All *596 the while he urges that the “plain meaning” of the text must not be altered.
Defendant also urges the court to examine other matter-before making up its mind as to the meaning of this text. It so happens that the matter which the defendant urges the court to examine is, principally, exactly the same matter which plaintiff requests the court to examine before it could possibly find in the text the meaning plaintiff desires. That matter is the whole statutory scheme for the retirement of naval officers.
Plaintiff would have us find in the general retirement scheme that there is no provision for emoluments; hence he-will take nothing under one word of his special act, if the text in question is interpreted consistently with that general scheme. Defendant would have us find in the general scheme that naval officers who serve and are retired regularly after injury or length of service get no rental or subsistence allowances, and that Congress should not be deemed to have discriminated grossly and without apparent reason in favor of plaintiff and against the great majority of officers-in the naval service.
Both these arguments are based upon the same matter extraneous to the text in question. The court may not open its ears to one, welcoming its aid in the search for the legislative meaning, and close them to the other on the ground that the legislative meaning is plain and no search is required. The court’s task here, then, is to ascertain what Congress meant by the language in question. It should reject no material which may be of use to it in that search.
Plaintiff argues that if he does not get the rental and subsistence allowances here sued for, he gets no emoluments; hence the court is charging Congress with having futilely inserted the word “emoluments” in the act. Plaintiff has examined thei other retirement statutes and reports that there are no “emoluments” other than fractional pay, for retired naval officers. We have examined them and find that there are perquisites of value to which a retired naval officer, because he is such, is entitled. A retired officer is entitled to hospitalization in Naval Hospitals at 70 cents per- *597 day for subsistence and no charge for medical service. Manual of Medical Department, U. S. N., Art. 3168[1]; see U. S. Code, Tit. 24, secs. 3, 16. He is entitled to buy merchandise procured by the Navy for resale to its officers and men. U. S. Code, Tit. 34, sec. 533; see also U. S. Code, Tit. 34, sec. 1000, .giving free tuition to children of officers in the public schools of the District of Columbia. We need not include his right to be carried on the Navy Eegister and to wear the uniform of his highest wartime rank on ceremonial occasions. U. S. Code, Tit. 34, secs. 389, 417; Tit. 10, secs. 1028a, 1028b. The word “emolument” is sufficiently broad to include the economic advantages of office. See McLean v. United States, 226 U. S. 374, 383; Hoyt v. United States, 51 U. S. 109. If Congress had used the word “pay” alone, a legitimate and perhaps successful argument could have been based on the maxim, expressio wnius exclmsio altering est that plaintiff was entitled only to pay and not to the other perquisites received by naval officers retired under the general statutory scheme. Hence the use of the word “emolument” made clear the award, and was perhaps necessary to accomplish the award to the plaintiff of the same status held by other retired naval officers.
The word “emolument” in the special act does, then, have its use, to give plaintiff the same status as other retired naval officers. But plaintiff claims that it should be used instead to give him a discriminatory advantage which up to 1938 amounted to some twelve thousand dollars over other officers and would continue for the rest of his life. We see no indication that Congress had any such intent.
Plaintiff’s petition will be dismissed. It is so ordered.
JoNes, Judge; and LittletoN, Judge, concur.

 Art. 3168. Eetired Officers and Enlisted Men. Ee-tired officers and enlisted men, inactive, are not entitled to civilian medical and hospital treatment at Government expense. They are entitled to treatment in Naval Hospitals and by Naval Medical Officers where available, upon application, but no expenses for travel in connection with such treatment may be allowed.