Whitaker, Judge,
delivered the opinion of the court:
In his first cause of action plaintiff sues to recover the allowances to which he claims he is entitled under a special Act of Congress, approved December 21,1929 (46 Stat. 1633), for the period June 15, 1937, to October 3, 1939. This Act reads as follows:
* * * That the President of the United States be, and he is hereby, authorized to advance Commander Richard E. Byrd, United States Navy, retired, to the grade of rear admiral on the retired list of the Navy, with rank, pay, and allowances effective from the date of approval of this Act, in recognition of his extensive scientific investigations and extraordinary aerial explorations of the Antarctic Continent, and of the first mapping of the South Pole and Polar Plateau by air.
He was duly appointed a rear admiral pursuant to the authority granted by this Act.
From June 15,1937, to October 3,1939, both dates inclusive, plaintiff was in an inactive status. On October 4, 1939, he was recalled to active duty. The question is whether or not his appointment “to the grade of rear admiral on the retired list of the Navy, with rank, pay, and allowances effective from the date of the approval of this Act,” entitles him while in an inactive status on the retired list to the allowances of a rear admiral on active duty.
In Sweeney v. United States, 82 C. Cls. 640, 642, the court had under consideration a statute authorizing the President “to advance Chief Boatswain, Edward Sweeney, United States Navy, retired, to the rank of lieutenant (junior grade) on the retired list of the Navy, with the retired pay and allowances of that rank.” The court held that the plaintiff was entitled to the allowances of a lieutenant (junior grade) on active duty.
In the case of Ralston v. United States, 91 C. Cls. 91, 94, the •court had before it an Act authorizing the President to appoint Ralston “a lieutenant commander in the United States Navy and place him upon the retired list of the Navy with the retired pay and allowance of that grade.” The court held plaintiff was entitled to the allowances of a lieutenant •commander on active service.
*290 In Long v. United States, 93 C. Cls. 544, 546, the Act under construction read, “That the President is authorized to place Lieutenant (Junior Grade) Christopher S. Long, Chaplain Corps, United States Navy, upon the retired list of the Navy with the retired pay and allowances of that rank * * *.” Plaintiff said the case was controlled by the Sweeney and Ralston decisions, but the defendant vigorously urged that these cases had been wrongly decided. However, a majority of the court, following these cases, held that Long was entitled to the allowances of a lieutenant (junior grade) on active duty. Judges Madden and Little-ton dissented.
On the same day that the Long case was decided, the court decided the case of Blair v. United States, 93 C. Cls. 555, 557, construing an Act which authorized the President to appoint Blair a second lieutenant in the United States Marine Corps, “and to retire him and place him upon the retired list of the Marine Corps with the retired pay and emoluments of that grade.” This Act used the word “emoluments” instead of the word “allowances,” which was used in the Long, Sweeney, and Ralston cases. The court held that plaintiff was not entitled to rental and subsistence allowances.
After the decisions in the Long and Blair cases, the court decided the cases of Robertson v. United States, 94 C. Cls. 61, 63; Willey v. United States, 94 C. Cls. 588, 589; and Horton v. United States, 94 C. Cls. 591, 594.
In the Robertson case the court had under construction an Act authorizing the President to appoint him “a lieutenant commander on the retired list of the Navy with pay and allowances of the fourth pay period.” The court held that he was not entitled to the allowances of a lieutenant commander on active duty.
The act under construction in the Willey case authorized the Secretary of the Navy “to grant said officer the retired pay and allowances of his rank and length of service in accordance herewith.” The court held that he was not entitled to the allowances of an officer of his rank on active duty.
In the Horton case the President was authorized to appoint him a commander in the United States Naval Reserve force *291 “and to place him upon the retired list of the Navy with the retired pay and emoluments of that grade.” It was held that he was not entitled to subsistence and rental allowances.
In the Blair, Robertson, Willey and Horton cases the majority saw some difference in the language used in the Acts there under construction and that used in the Long case. It must be confessed that the difference was slight, but in the case at bar there is no material difference. However, we are of opinion the decision in the Long case should not now be followed in view of the Act of February 6, 1942 (c. 37, 56 Stat. 48). This Act reads as follows:
That hereafter money allowances for subsistence and rental shall not accrue to any officer of the Navy or Marine Corps on the retired list for any period during which any such officer is not employed on active duty.
Sec. 2. All laws and parts of law, insofar as they are in conflict with the provisions of this Act, are hereby repealed.
The Committee on Naval Affairs of the House of Eepre-sentatives reporting this bill, said:
Officers of the Navy and Marine Corps who are retired under the general law are not entitled to rental and subsistence allowances on the retired list except when ordered to active duty. There are, however, six officers retired under special acts who are entitled to these allowances, under ruling of the Court of Claims, because the special acts contain the words “pay and allowances” or “pay and emoluments.” The result is a discrimination in favor of a few officers on the retired list and against the remaining retired officers (Keport #1581, H. E. 77th Cong. 2d sess.).
This Act of February 6, 1942, is not retroactive, but we think that it must be taken into consideration in determining what Congress intended in the passage of the special Acts in the above-mentioned cases. Norfolk Southern Railroad Company v. United States, 96 C. Cls. 357, 371, and cases there cited.
The passage of this Act of February 6, 1942, seems to us to indicate that Congress intended to correct the use of rather loose language in the special acts under consideration in the Sweeney, Ralston, Long¡ and other cases. In those *292 Acts Congress provided for appointment of certain officers to certain grades on tbe retired list, with, the pay and allowances of those grades. Although officers retired under general law were not entitled to rental and subsistence allowances, the court concluded that Congress must have intended that these' particular officers should receive the allowances, otherwise this word would not have been used. It was so held although it was recognized that this would result in preferred treatment for them.
When this was called to Congress’ attention, it passed the Act of February 6,1942, correcting this situation and placing such officers in the same status as officers retired under general law. The decisions in the Sweeney, Ralston and Long cases were decisions giving effect to what the court understood was the intention of Congress in those Acts; but it appears from the passage of this Act of February 6, 1942, that this was not Congress’ intention, but that it rather intended that these officers should have only those allowances, if any, to which officers were entitled who had been retired under general law.
We must conclude, therefore, that when Congress passed the Act of December 21,1929, supra, authorizing the President to advance Commander Richard E. Byrd to the grade of rear admiral on the retired list of the Navy “with rank, pay, and allowances effective from the date of approval of this Act,” it must have intended to give him only that pay and those allowances, if any, to which a rear admiral who had been retired under general law was entitled.
Indeed, as the defendant says in its excellent brief in this case, we must go to the general law to ascertain to what pay and allowances Commander Byrd is entitled, because the special Act itself does not set them out. Looking to the general law, we find that as a rear admiral on the retired list he is entitled to certain pay, but that he is not entitled to any rental or subsistence allowances.
We hold, accordingly, that the plaintiff is not entitled to recover on his first cause of action.
SECOND CAUSE OF ACTION
In his second cause of action plaintiff claims the difference in pay to which a rear admiral of the upper half is entitled *293 and that to which a rear admiral of the lower half is entitled for the period from October 8,1940, to date, or from May 30,. 1942, to date.' He has been paid the pay of a rear admiral of the lower half.
Plaintiff was recalled from retirement and placed on active duty on October 4, 1939. He has been on active duty ever since. ■ He claims the right to count the time he has served on active duty in determining the pay to which he is entitled,, or, in the alternative, to claim the entire time since he was-first commissioned a rear admiral. We are of opinion that he is not entitled to the pay of a rear admiral of the upper half for any length of time.
Prior to the Act of March 3, 1899 (c. 413, 30 Stat. 1004), there was only one grade of rear admirals. The next lower grade was that of commodore, who ranked with a brigadier general of the Army. Section 7 of the Act of March 3,1899, supra, abolished the grade of commodore in the Navy, and provided “that the active list of the line of the Navy * * * shall be composed of eighteen rear admirals * * * Provided, That each rear admiral embraced in the nine lower numbers of that grade shall receive the same pay and allowance as. are now allowed a brigadier general in the Army. * * *” This was the pay and allowance to which a commodore was formerly entitled. It is the pay which plaintiff has received.
The Act of May 13,1908 (35 Stat. 127), provided in part:
Hereafter all commissioned officers of the active list of the Navy shall receive the same pay and allowances according to rank and length of service, and the annual pay of each grade shall be as follows: * * * rear admiral, first nine, eight thousand dollars; rear admiral second nine, or commodore, six thousand dollars ; * * *- [Italics ours.]
The Act of August 29, 1916 (39 Stat. 556, 577-578), provided in part:
Hereafter pay and allowances of officers in the upper half of the grade or rank of rear admiral, * * * shall be that now allowed by law for the first nine rear admirals, and the pay and allowances of officers in the lower half of the grade or rank; of rear admiral * * * *294 shall be that now allowed by law for the second nine rear admirals: * * *.
Under this latter Act a rear admiral received the pay of the tipper half as soon as his length of service exceeded that of one-half of the rear admirals on the active list.
Plaintiff claims that as soon as his length of active service •exceeded that of one-half of the rear admirals on active service, including those recalled to active service from the retired list, he became entitled eo instante to the pay of the upper half. The answer to this is that the above-quoted provisions of the Acts of March 3, 1899, May 13, 1908, and August 29, 1916, apply only to officers on the active list and have no application to officers on the retired list. As noted above, ■section 7 of the Act of March 3,1899, supra, referred only to the “active” list of the line of the Navy, and the Act of May 13,1908, and that of August 29,1916, although that does not appear from the above-quoted provision, also refer only to ■officers on the active list.
There are two separate lists in the Navy, the active list and the retired list. The Act of December 21, 1929 (46 Stat. 1633), authorized the President to appoint plaintiff a rear .admiral on the retired list, not on the active list. He was so appointed. Officers on this list are by section 1459 of the Revised Statutes “withdrawn from command and from the line of promotion on the active list” (34 U. S. C. 401).
The Act of August 5,1882 (c. 391, 22 Stat. 284), appropriated sums for the naval service, so much for the pay of the Navy for the active list, and so much “for pay of the retired list,” and expressly provided that “hereafter there shall be no promotion or increase of pay in the retired list of the Navy hut the rank and pay of officers on the retired list shall be the ■same that they were when such officers shall be retired.” Although a retired officer is recalled to active duty, he is still on the retired list and, therefore, by the above provision is prohibited from receiving more pay than that to which he was entitled when retired. Fulmer v. United States, 32 C. Cls. 112, 119; 18. Op. A. G. 96.
Plaintiff says that section 1459 of the Revised Statutes and the Act of August 5,1882, supra, have no application to him *295 because of tbe provisions of the Act of July 24,1941 (55 Stat.. 603), section 4 (a) of which reads as follows:
Commissioned or warrant officers on the retired list of the Navy or Marine Corps may, while on active duty,, be temporarily appointed to higher ranks or grades on the retired list'. Any officer so appointed shall, while on active duty, be entitled to the same pay and allowances-as officers of like grade or rank with equivalent service-on the active list.
This Act, however, has no application to plaintiff because he-has not been given any temporary appointment to a higher-grade. He was merely recalled to active duty in the grade in which he was retired. There can be no doubt of the President’s authority to appoint him to a higher grade while on active duty, subject to confirmation by the Senate, but this-has not been done.
We are of opinion that plaintiff is not entitled to recover on this second cause of action. His petition, therefore, will be dismissed. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.