LittletoN, Judge,
delivered the opinion of the court:
Plaintiff was placed on the retired list as a captain in the Navy on June 30, 1940. He was placed on such retired list under section 12 of the act of June 23, 1938 (52 Stat. 949), subsections (b) and (j) of which provided in part as follows:
(b) Officers * * * whose names are not placed upon the promotion list, shall be placed on the retired list on June 30 of the fiscal year in which they fail of selection as best fitted the second time in successive years * * *.
*815 (j) * * * that officers of the grades of captain and commander, subject to retirement under subsection (b) of this section and retained on the active list under the provisions of this subsection, who have or shall have twice failed of selection as best fitted shall thereafter be ineligible for consideration for selection.
Plaintiff was not relieved from active duty but has remained and still is on active duty as a retired officer, and he has not been restored to the active list of officers in the Navy.While thus serving as a retired captain on active duty plaintiff was appointed, on April 1,1942, a rear admiral on the retired list for temporary service to rank from March 21,1942, and since that date he has received the active duty base pay of $6,000 per annum and the authorized allowances of a rear admiral of the lower half. Section 7, act of June 16, 1942 (56 Stat. 359, 362, fixed the annual base pay of a rear admiral (lower half) at $6,000 and that of a rear admiral (upper half) at $8,000.
Plaintiff claims and seeks to recover the base pay and allowances of a rear admiral of the upper half from October 17, 1942, under section 4 (a) of the act of July 24, 1941 (55 Stat. 603), on the ground that on that date Bear Admiral Claud A. Jones (on the active list of the Navy), whose total active commissioned service as well as his active service in the grade of rear admiral was less than that of plaintiff (counting plaintiff’s active service while on the retired list), passed into the upper half and automatically became entitled to the pay and allowances of the upper half of the list of rear admirals. Section 4 (a), supra, provides as follows:
Commissioned or warrant officers on the retired list of the Navy or Marine Corps may, while on active duty, be temporarily appointed to higher ranks or grades on the retired list. Any officer so appointed shall, while on active duty, be entitled to the same pay and allowances as officers of like grade or rank with equivalent service on the active list.
This act of July 24, 1941, was passed for the purpose of “authorizing the temporary appointment or advancement of certain personnel of the Navy and Marine Corps, and for other purposes” and specifically provided that the authority *816 therein, granted “shall be exercised only in time of war or national emergency determined by the President.” The act of December 15, 1941, entitled “An Act providing for the pay and allowances of retired officers of the Navy and Marine Corps on active duty” provides as follows: “That all commissioned officers of the Navy and Marine Corps on the retired list shall, when on active duty, receive full pay and allowances of the rank or grade in which they serve on such active duty: * *
Sections 2 and 5 of the act of June 30, 1942 ( 56 Stat. 463, 464, 465), entitled “An Act to provide for the better administration of officer personnel of the Navy and Marine Corps during the existing war, and for other purposes,” provide as follows:
Seo. 2. The number of rear admirals on the active list of the line entitled to the pay and allowances provided by law for rear admirals of the upper half, exclusive of those carried as additional numbers in such grade, shall be one-half of the number of permanent and temporary officers of the line in that grade * * *-
Seo. 5. Personnel heretofore and hereafter temporarily appointed pursuant to and as defined in the Act of July 24,1941 (Public Law 188), [55 Stat. 603], shall be entitled to the pay and allowances of the grade or rank to which so appointed from the dates on which such appointments are made by the President, and their appointments, unless expressly declined, shall be regarded for all purposes as having been accepted on the date made, without formal acceptance or oath of office.
Under Eevised Statutes, section 1459, an officer when retired is “withdrawn from command and from the line of promotion on the active list” (Tit. 34, U. S. Code, sec. 401), and plaintiff remained on active duty as a captain on the retired list only by virtue of section 12 (j) of the act of June 23, 1938, supra. He was not otherwise recalled nor was he ever placed on the active list of officers of the Navy, to which active list of officers we think section 2 of the act of June 30, 1942, relating to promotion of rear admirals to “the upper half” was intended to apply. Except for section 4 (a) of the act of July 24, 1941, supra, plaintiff could not have been *817 appointed and promoted by the President to a higher rank or grade for temporary service than captain on the retired list by reason of the provision of the act of August 5, 1885 (22 Stat. 284, 286), which provided that “Hereafter there shall be no promotion or increase of pay in the retired list of the Navy but the rank and pay of officers on the retired list shall be the same that they were when such'officers shall be retired.” Cf. Richard E. Byrd v. United States, 103 C. Cls. 285.
Although plaintiff was in effect recalled to active duty at the time of his retirement under section 12 of the act of June 23, 1938, supra, he was still at all times thereafter on the retired list and by reason of this fact he was entitled under section 4 (a) of the act of July 24, 1941, supra, and section 5 of the act of June 30, 1942, supra, only to the base “pay and allowances of the grade or rank to which so appointed”' by the President. Plaintiff’s appointment by the President on April 1, 1942, as a rear admiral to rank from March 21, 1942, was in the grade or rank of rear admiral of the lower half. Under the terms of the statutes, therefore, plaintiff, being an officer on the retired list, may not demand greater base pay than that to which he became entitled under the appointment of April 1, 1942, by the President for temporary service without some further action by the President A rear admiral on the active list receives the pay of the lower half, or of the upper half, depending upon his numerical standing on the list of rear admirals on such active list. Plaintiff was not and could not be on that list because he-was on the retired list. We find nothing in the language of section 4 (a) of the act of July 24, 1941, when considered in connection with the provisions of the other statutes referred to, which indicates an intention by Congress to give-a retired officer in plaintiff’s situation greater base pay and allowances than that to which he was specifically entitled under the appointment of the President at the time such appointment was made.
Plaintiff had 33 years and five months’ service as an officer on the active list from January 31, 1907 to June 30, 1940, *818 when he was placed on the retired list. When Claud A. Jones was given a temporary appointment as a rear admiral on September 29,1942 he had had 34 years and 16 days service on’the active list. When plaintiff was appointed a rear admiral on the retired list on April 1, 1942, Claud A. J ones was a captain, and remained such until September 29. When Jones went from rear admiral (lower half) to rear admiral (upper half) on October 17, 1942, he did so because he was an officer on the active list and because of a right granted only to officers on the active list and not to officers on the retired list serving on active duty. At that time Jones was also an officer on the active list with 34 years 1 month and 3 days5 service on. such active list whereas plaintiff, Spears, on October 17, 1942 had only 33 years and 5 months’ service as- an officer on the active list from January 31,1907 to June 30, 1940, when he was placed on the retired list. Plaintiff, therefore, had not, on October 17, 1942, had the equivalent service on the active list with Admiral J ones. At that time plaintiff was 8 months behind Jones in service as an officer on the active list, although plaintiff was 1 year, 7 months, and 3 days ahead of Jones on active duty. However, 2 years, 3 months and 17 days of this active duty service was an officer on the retired list and cannot be counted for pay purpose under section 4 (a).
Moreover, under section 4 (a) a retired officer given a temporary appointment for active duty on the retired list can only compare, for pay purposes, his service while he was on the active list with the service of an officer on such active list' at the time of the temporary appointment. This, it seems to us, is what section 4 (a) plainly says. Section 4 (a) was not intended to give an officer receiving a temporary appointment on the retired list the right -which plaintiff claims, to claim subsequent to such temporary appointment those benefits which aré granted only to officers on the active list, namely, the right to advance from the lower half to the upper half, and plaintiff’s claim is, in effect, that he had such right. It cannot be held, however, that plaintiff’s temporary appointment as a rear admiral which carried only the pay of the lower half, had the effect of putting Mm on the active *819 list or of giving Mm any of tbe rights for increased pay purposes that were enjoyed by officers on the active list.
Plaintiff is, therefore, not entitled to recover, and the petition is dismissed. It is so ordered.
JoNes, Judge; Whitaker, Judge; and Whaley, Chief Justice, concur.
MaddeN, Judge, took no part in the decision of this case.